

**ORDERED in the Southern District of Florida on May 18, 2023.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

DATG PIZZERIA, INC.

      Debtor.

_____/

Case No. 22-17790-EPK
Chapter 11(Subchapter V)

**ORDER CONFIRMING THE DEBTOR'S**
**SUBCHAPTER V PLAN FOR REORGANIZATION [ECF # 77 ] AND**
**DEBTOR'S EXPEDITED MOTION TO COMPROMISE CONTROVERSY AND**
**APPROVE SETTLEMENT AGREEMENT BETWEEN THE DEBTOR AND**
**COAL BRICK OVEN PIZZERIA HOUSTON, INC., ON THE ONE HAND,**
**AND EXCEL GARDENS, LLC ON THE OTHER HAND [ECF #119]**

THIS MATTER came before the Court for a hearing on May 10, 2023 at 2:00

p.m., in West Palm Beach, Florida, to consider confirmation of the *Debtor's*

*Subchapter V Plan* (the "**Plan**") [ECF No. 77] filed on December 30, 2022, by the

Debtor, DATG Pizzeria, Inc. and the *Debtor's Expedited Motion to Compromise*

*Controversy and Approve Settlement Agreement Between the Debtor and Coal Brick*

*Oven Pizzeria Houston, Inc, on the One Hand, and Excel Gardens, LLC on the Other*

*Hand* filed on May 3, 2023 ("**9019 Motion**") at [ECF No. 119].  In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including: (i) the confirmation affidavit of Joseph Ciolli (ECF No. 124), (ii) the certificate of proponent of plan (ECF No. [125]), (iii) the testimony of Joseph Ciolli proffered by the Debtor, (iv) the Court having approved the 9019 Motion, (v) Excel Gardens, LLC having changed its vote from rejecting to accepting; and (vi) Excel Gardens, LLC having withdrawn its Limited Objection to Confirmation [ECF No. 123] on the record.  Having considered that all classes of creditors that were required to vote on the Plan have accepted the Plan, and no objections to confirmation of the Plan remain unresolved, after notice and a hearing, the Court finds and concludes as follows:

<u>**FINDINGS OF FACTS & CONCLUSIONS OF LAW**</u>

A.    <u>**Jurisdiction**</u>.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B.    <u>**Venue**</u>.    Venue before the Court is proper under 28 U.S.C. §§ 1408 and 1409.

C.    <u>**Notice**</u>.    Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (ECF No. 82) were served upon all creditors, interest holders, and parties requesting notice.    Accordingly, the method of service

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "**Confirmation Deadlines**") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D.    **Objections to Confirmation**.    Present at the hearing were Evan Parrot, Esq. on behalf of Excel Gardens, LLC, Alan R. Crane, Esq. on behalf of the Debtor, Henry Wulf, Esq., on behalf of the Debtor, Joseph Ciolli, corporate representative of the Debtor, Maria Yip, Subchapter V Trustee, Teresa Dorr, Esq. attorney for the United States Trustee, and Gabriel Hartsell, Esq. attorney for Western Alliance Bank.  Excel Gardens, LLC, withdrew its objection to Confirmation [ECF No. 123] on the record.   No other parties timely objected to confirmation of the Plan.

E.    **Approval of 9019 Motion**.  Pursuant to 11 U.S.C. § 1123(b)(3)(A), and Bankruptcy Rule 9019, the Court has jurisdiction pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Due and proper Notice of the 9019 Motion and incorporated Settlement Agreement and hearing was given to the parties required under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.  For the reasons set forth on the record which are incorporated into this Order by reference, the Court finds that the Settlement Agreement attached to the 9019 Motion meets the standard set

out in *In re Justice Oaks II, Ltd*., 898 F.2d at 1549, and otherwise falls well above the lowest point in the range of reasonableness and is approved.

F.     **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**.  The Plan adequately and properly identifies and classifies all claims.   Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class.  Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

G.     **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**.  The Plan specifies all classes or claims or interests that are not impaired under the plan.

H.     **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

I.     **No Discrimination – 11 U.S.C. § 1123(a)(4)**.  The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

J.     **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**.  Section 3 of the Plan provides adequate means for the Plan's implementation.

K.     **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**.  The Plan contains only provisions that are

consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L.    **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.  Section 6 of the Plan, pursuant to 11 U.S.C. § 365, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.  The Lease between the Debtor and Excel Gardens, LLC is assumed pursuant to the terms of the 9019 Motion and Settlement Agreement incorporated therein.  The Settlement Agreement specifies the requirements by the Debtor to cure the monetary and non-monetary defaults under the Lease.

M.    **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

N.    **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**.  The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O.    **Subchapter V Plan Requirements – 11 U.S.C. § 1189**.  The Plan complies with 11 U.S.C. § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11

P.    **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**.  In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the Debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the

Debtor to make payments under the proposed plan for reorganization.    The Plan provides that the Debtor be the disbursing agent under the terms of this Plan, so that the Debtor shall make all payments under the Plan, including any deposits required by the Plan to be distributed on the Effective Date.

Q.    **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**.  The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under 11 U.S.C. § 1191(a).  With respect to the relevant provisions of 11 U.S.C. § 1129(a), the Court finds and concludes as follows:

1.    **11 U.S.C. § 1129(a)(1) and (a)(2)**.  The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2.    **11 U.S.C. § 1129(a)(3)**.  The Plan was proposed in good faith and not by any means forbidden by law.

3.    **11 U.S.C. § 1129(a)(4)**.  Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4.    **11 U.S.C. § 1129(a)(5)**.  The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or

retained by the reorganized debtor, and the nature of any compensation for such insider.

5.     **11 U.S.C. § 1129(a)(7)**.  The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date

6.     **11 U.S.C. § 1129(a)(8)**.  With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the Plan.

7.     **11 U.S.C. § 1129(a)(9)**.  Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

    a.     With respect to a claim of a kind specified in 11 U.S.C. §§ 507(a)(2) on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal of the allowed amount of such claim;

    b.     11 U.S.C. §§ 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), and 507(a)(7) are not applicable in this bankruptcy.

c.     With respect to a claim of a kind specified in 11 U.S.C. § 507(a)(8), the holder of such claim will receive on account of such claim regular installment payments in cash—

     i.     Of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim;

     ii.     Over a period ending not later than 5 years after the date of the order for relief under 11 U.S.C. §§ 301, 302, or 303; and

     iii.     In a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors under 11 U.S.C. § 1122(b)); and

8.     **11 U.S.C. § 1129(a)(10)**.  If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.

9.     **11 U.S.C. § 1129(a)(11)**.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

10.     **11 U.S.C. § 1129(a)(12)**.  All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have

been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

Accordingly, the Court **ORDERS**:

1.      **Confirmation**.  The plan is confirmed under 11 U.S.C. § 1191(a).

2.      **Approval of 9019 Motion**.  The 9019 Motion is Granted.  The Settlement Agreement incorporated into the 9019 Motion is Approved.  Excel Gardens, LLC's ballot is changed from rejecting to accepting.  Excel Gardens, LLC's Limited Objection to Confirmation [ECF No. 123] is withdrawn.

3.      **Binding Effect of Plan**.  Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the debtor and any creditor, whether or not the claim or interest of such creditor, is impaired under the plan and whether or not such creditor, has accepted the Plan.

4.      **Re-vesting of Property**.  Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor.  Except as provided in 11 U.S.C. §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan, in this Order, or in the Agreed Order Granting In Part, Denying In Part, Debtor's Objection to Claim 7-1 of Western Alliance Bank [Doc. No. 129], which is specifically incorporated herein, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

5.      **Post-Confirmation Operation of Business**.  Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date,

the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code.  The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court.  Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

6.      **Injunction and Discharge**.  Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); and (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).  To the extent the Plan discharge provisions set forth in section 7 of the Plan are inconsistent with this Confirmation Order or the Bankruptcy Code, this Order and the Bankruptcy Code, including 11 U.S.C. § 1141(d), control.

7.      **Disbursing Agent**.  DATG Pizzeria, Inc. is named as Disbursing Agent and must make all payments to holders of allowed claims as required by the Plan.

8.      **United States Trustee Guidelines**.  The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

9.      **Effect of Confirmation Order on Plan**.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the

validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

10.    **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

11.    **Service of Confirmation Order**.  Alan R. Crane, Esq. is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

12.    **Documents Required to Effectuate Plan**.  The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

13.    **Modification After Confirmation**. Under 11 U.S.C. § 1193(b), the Debtor may modify the Plan at any time after confirmation of the Plan and before substantial consummation of the Plan, but may not modify the Plan so that the Plan as modified fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123, with the exception of 11 U.S.C. § 1123(a)(8). The Plan, as modified, becomes the Plan only if circumstances warrant the modification and the Court, after notice and a hearing, confirms the Plan as modified under 11 U.S.C. § 1191(a). Under 11 U.S.C. § 1193(d), any holder of a claim or interest that has accepted or rejected the Plan is deemed to have accepted or rejected, as the case may be, the Plan as modified, unless, within

the time fixed by the Court, such holder changes the previous acceptance or rejection of the holder.

14.    **Discharge of the Subchapter V Trustee**.  Under 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a).  Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States trustee, and all parties in interest notice of such substantial consummation. The Debtor must file the Local Form "Final Report and Motion for Entry of Final Decree" on the later of: (a) substantial consummation of the Plan, or (b) entry of a final order resolving all disputed claims.  Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with 11 U.S.C. § 1194 and distribute any applicable payments in accordance with the Plan.

15.    **Jurisdiction**.  The Bankruptcy Court retains jurisdiction to:

a.    Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

b.    Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

c.    Adjudicate objections to claims;

d.    Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

e.    Adjudicate modifications of the plan under 11 U.S.C. § 1193;

   f. Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree;

   g. The Court retains jurisdiction to interpret and enforce the Settlement Agreement incorporated into the 9019 Motion;  and

   h. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

# # #

<u>Submitted by:</u>

Alan R. Crane, Esq.
Furr Cohen, P.A.
*Attorneys for Debtor*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
(561)395-0500/(561)338-7432 fax
e-mail: acrane@furrcohen.com
Florida Bar No. 0963836

*Alan R. Crane, Esquire shall serve a copy of the signed order on all parties listed on the official court matrix and file with the court a certificate of service conforming with Local Rule 2002-1(F).*